**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GINA SANGUINETTI,

       Plaintiff,

  v.

CITIMORTGAGE, INC., CITIBANK,
N.A., AND DOES 1-10,

       Defendants.

) Case No. 12-5424 SC
)
) ORDER GRANTING MOTION TO
) DISMISS
)
)
)
)
)
)
)
)
)
)
)

## I.   INTRODUCTION

Now before the court is Defendants CitiMortgage, Inc. and Citibank, N.A.'s (collectively "Defendants") motion to dismiss Plaintiff Gina Sanguinetti's ("Plaintiff") First Amended Complaint. ECF Nos. 14-1 ("MTD"), 12 ("FAC").  The motion is fully briefed, ECF Nos. 23 ("Opp'n"), 24 ("Reply"), and appropriate for decision without oral argument, Civ. L.R. 7-1(b).  For the reasons explained below the Court GRANTS Defendant's motion and DISMISSES Plaintiff's FAC with leave to amend.

///

///

**United States District Court**
For the Northern District of California

1  **II.    <u>BACKGROUND</u>**

2        The undisputed fact at the center of this dispute is simple:

3  Plaintiff has a second mortgage loan provided and serviced by

4  Defendants, and Plaintiff defaulted on said loan.  FAC ¶ 2.

5  Plaintiff's FAC, however, is no model of clarity.  According to

6  Plaintiff:

7              [Defendants] provided Plaintiff with a
             mortgage loan and services such loan and in
8             so doing have (1) provided a loan without
             providing and disclosing to Plaintiff, as
9             required under law, the required Truth in
             Lending Disclosures; (2) failed to provide
10            to Plaintiff, as required under law, the
             required disclosure of the Annual Percentage
11            Rate ("APR") to be charged for the loan; (3)
             failed to provide to Plaintiff, as required
12            under law, a detailed Good Faith Estimate
             detailing all relevant fees to be charged to
13            Plaintiff; (4) failed to provide to
             Plaintiff, as required under law, a signed
14            original of the Promissory Note relevant to
             [Plaintiff's] loan; (5) charged an excessive
15            and undisclosed amount in interest charges
             in violation of law; (6) illegally and
16            unfairly insisted that, prior to making any
             determination as to [Plaintiff's] right to a
17            loan modification, that she must first pay
             [Defendants'] inflated "reinstatement"
18            fees[,] which include exorbitant
             attorneys['] fees and costs[,] as well as
19            excessive[,] undisclosed "miscellaneous"
             fees; and (7) have, even after payment of
20            all such excessive fees and charges, then
             denied the loan modification request and
21            unlawfully and unfairly attempted to
             foreclose on [Plaintiff's] property.

22

23  FAC ¶ 7.  Plaintiff fully explains none of these alleged facts,

24  going on to claim that Defendants knowingly misrepresented the

25  nature and terms of the loans, that the loans were a good financial

26  decision for Plaintiff, the loans' modification process, and

27  Plaintiff's home's value.  <u>Id.</u> ¶ 17.

28        Further, Plaintiff alleges that Defendants knowingly or

1  negligently defrauded her, "causing her to agree to enter a loan

2  which Defendants knew Plaintiff [was] unlikely to ever be able to

3  pay off.  Because of Plaintiff['s] desperation and desire to stay

4  in her Home, she justifiably relied on Defendants'

5  misrepresentations about the terms of the loans, her ability to

6  afford the loans and the value of their home."  Id.

7      In this context, Plaintiff claims that Defendants had a duty

8  to investigate the reasonableness of her income and confirm that

9  she had the ability to repay the loan, but that they did not do so

10 when they qualified her for the loan based on the "overstated

11 income supply by Defendants."  Id. ¶ 18.  Essentially, Plaintiff is

12 alleging that Defendants falsified her income themselves, because

13 she never actually supplied it.  See id. ¶¶ 18-19.

14     Plaintiff also asserts that Defendants hid the fact that the

15 initial interest-only loan payments would convert to a fully

16 amortized payment and then failed to qualify Plaintiff for the

17 fully indexed, fully amortized amount despite an alleged agreement

18 to do so.  Id. ¶ 21.

19     Finally, based on Defendant's purported failure to have

20 offered Plaintiff the correct loan or to convert Plaintiff's loan

21 to the proper type, Plaintiff alleges that Defendant breached a

22 duty to "competently and reasonably work with Plaintiff" to come to

23 a modification agreement.  Id.

24     From these facts, Plaintiff asserts four causes of action

25 against Defendants: (1) quiet title, (2) fraud or negligent

26 misrepresentation, (3) negligence, and (4) unfair, unlawful, and

27 fraudulent business practices under California's Unfair Competition

28 Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.

**United States District Court**
For the Northern District of California

On January 24, 2013, Defendants moved to dismiss Plaintiff's FAC.  A hearing on the MTD was set for March 1, 2013.  On February 15, 2013, Defendants filed a Notice of Non-Opposition because Plaintiff had not responded to the MTD by the February 7 deadline.  ECF No. 19.  Plaintiff's counsel claimed he had not received the motion and asked the Court for a continuance on February 15, 2013.  ECF No. 20.[1]  The Court granted the continuance and held that the matter would be submitted on the papers, with no need for oral argument, after the parties filed their briefs.  ECF No. 21.  The parties submitted their briefs by March 7, 2013.

III.  **LEGAL STANDARD**

    A.  **Motions to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim."  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the

---

[1] In light of Plaintiff's counsel's problems receiving Defendants' filings, Plaintiff's counsel is instructed to ensure that his ECF contact information is correct and to take all other steps necessary to avoid missing future filings, including ensuring that his email software is not misdirecting or blocking certain emails.

1   elements of a cause of action, supported by mere conclusory

2   statements, do not suffice." Id. (citing Bell Atl. Corp. v.

3   Twombly, 550 U.S. 544, 555 (2007)).  The court's review is

4   generally "limited to the complaint, materials incorporated into

5   the complaint by reference, and matters of which the court may take

6   judicial notice." Metzler Inv. GMBH v. Corinthian Colls., Inc.,

7   540 F.3d 1049, 1061 (9th Cir. 2008) (citing Tellabs, Inc. v. Makor

8   Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

9        When a motion to dismiss is granted, a district court must

10   decide whether to grant leave to amend.  Generally, the Ninth

11   Circuit has a liberal policy favoring amendments and, thus, leave

12   to amend should be freely granted.  See, e.g., DeSoto v. Yellow

13   Freight System, Inc., 957 F.2d 655, 658 (9th Cir. 1992).  However,

14   a court does not need to grant leave to amend in cases where the

15   court determines that permitting a plaintiff to amend would be an

16   exercise in futility.  See, e.g., Rutman Wine Co. v. E. & J. Gallo

17   Winery, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to

18   amend is not an abuse of discretion where the pleadings before the

19   court demonstrate that further amendment would be futile.").

20

21   **IV.** **DISCUSSION**

22        **A.** **Quiet Title**

23        The purpose of a quiet title action is to settle all

24   conflicting claims to a piece of real property and to declare each

25   interest or estate to which the parties are entitled.  Newman v.

26   Cornelius, 3 Cal. App. 3d 279, 284 (Cal. Ct. App. 1970).  "A quiet

27   title action must include: (1) a description of the property in

28   question; (2) the basis for plaintiff's title; and (3) the adverse

*United States District Court*
For the Northern District of California

5

**United States District Court**
For the Northern District of California

1    claims to plaintiff's title." <u>Ananiev v. Aurora Loan Servs., LLC</u>,

2    C 12-2275 SI, 2012 WL 4099568, at *3 (N.D. Cal. Sept. 17, 2012)

3    (citing Cal. Civ. Proc. Code § 760.020).  "In order to satisfy the

4    second requirement, plaintiff must allege that he has discharged

5    his debt, regardless to whom it is owed." <u>Id.</u> (citing <u>Kelley v.</u>

6    <u>Mort. Elec. Registration Sys., Inc.</u>, 642 F. Supp. 2d 1048, 1057

7    (N.D. Cal. 2009)).  Plaintiff does not fulfill any of the

8    requirements of a quiet title claim in the FAC, nor does she

9    clarify this claim in her opposition.  Defendant argues that the

10   Court should therefore dismiss Plaintiff's quiet title claim with

11   prejudice.  The Court declines to do so, since it is not evident

12   that amendment would be futile or prejudicial.

13        Plaintiff's quiet title claim is DISMISSED with leave to

14   amend, if Plaintiff can factually plead such a claim in accordance

15   with the law described above.

16        **B.    <u>Plaintiff's Remaining Claims</u>**

17        As to Plaintiff's remaining claims, Defendants raise a number

18   of arguments: (1) Plaintiff's FAC does not meet the plausibility

19   standard of Rule 8 of the Federal Rules of Civil Procedure; (2)

20   Plaintiff's fraud claims are time-barred, fail to meet Rule 9(b)'s

21   particularity standards, state no cause of action because Defendant

22   owed no duty to Plaintiff as a borrower, and are conclusory; (3)

23   Plaintiff's negligence claim fails because Defendants owed no duty

24   of care; and (4) Plaintiff's UCL claims all fail because Plaintiff

25   has failed to plead injury, is time-barred from raising the claim

26   based on the loan origination date, and fails to state the fraud-

27   based claims with particularity.  MTD at 4-13.

28

6

United States District Court
For the Northern District of California

1    Plaintiff's opposition brief does not fully join these
2    arguments: its main purposes appears to be to request leave to
3    amend Plaintiff's complaint to correct the deficiencies that
4    Defendants describe.  See generally Opp'n.  As such, the Court
5    finds it appropriate at this point to discuss Plaintiffs' requests
6    for amendment instead of attempting to evaluate Defendants'
7    arguments on these issues.

8    The Court is cognizant of Defendants' arguments, and of the
9    deep pleading defects in Plaintiff's FAC.  However, the present
10   facts do not indicate to the Court that it would be impossible for
11   Plaintiff to cure her FAC's deficiencies by amendment, that
12   amendment would prejudice Defendant, or that further amendment
13   would cause undue delay.

14   The Court GRANTS Defendants' motion and DISMISSES all of
15   Plaintiff's remaining claims.  Plaintiff has leave to amend her
16   complaint, limited to the precise issues that Plaintiff herself
17   indicated as curable deficiencies.  Plaintiff is reminded to plead
18   facts in accordance with Rule 8, Ashcroft v. Iqbal, 556 U.S. 662
19   (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).
20   Plaintiff must not assert merely conclusory or threadbare
21   allegations in her amended complaint.  The amendable claims,
22   according to Plaintiff, are as follows:

23        • Illegality of the Mortgage Loan: Plaintiff has leave to
24          amend the complaint to allege that the mortgage loan upon
25          which Defendant relies was illegal and void from the day
26          it was signed.  Opp'n at 6.

27        • Completion of the Loan Application: Plaintiff has leave
28          to amend the complaint to state that she never completed

7

United States District Court
For the Northern District of California

1   any loan application.  Id. at 6-7.

2   • Consent Decree: Plaintiff has leave to amend the

3      complaint to provide detail on Defendants' alleged

4      Consent Decree and its effects, including its purported

5      imposition of a duty of care.  Id. at 7-8.

6   • Statute of Limitations: Plaintiff has leave to amend the

7      complaint to explain why equitable tolling should apply

8      to toll the statute of limitations.  Id. at 9.

9   • Vagueness: Plaintiff has leave to amend the complaint to

10     identify the appropriate entities in the relevant causes

11     of action, and to provide the dates of her interactions

12     with loan modification officers, their names, and other

13     necessary details to meet the standards of Rules 8 and

14     9(b).  Id. at 9.

15  • Joinder: Plaintiff has leave to amend the complaint to

16     join Plaintiff's husband.  Id. at 11.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

8

**V.    CONCLUSION**

        For the reasons explained above, Defendants CitiBank, N.A., and CitiMortgage, Inc.'s motion to dismiss Plaintiff Gina Sanguinetti's First Amended Complaint is GRANTED.  Plaintiff's complaint is DISMISSED with leave to amend.  Plaintiff has thirty (30) days from this Order's signature date to file an amended complaint.  Failure to do so may result in this action being dismissed with prejudice.  Any new complaint must avoid repeating the dismissed complaint's mistakes.


        IT IS SO ORDERED.


        Dated: March 28, 2013

_____

                              UNITED STATES DISTRICT JUDGE