United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GINA SANGUINETTI,

Plaintiff,

v.

CITIMORTGAGE, INC., CITIBANK, N.A., AND DOES 1-10,

Defendants.

Case No. 12-5424 SC

ORDER GRANTING MOTION TO DISMISS

## I. INTRODUCTION

Now before the court is Defendants CitiMortgage, Inc. and Citibank, N.A.'s (collectively "Defendants") motion to dismiss Plaintiff Gina Sanguinetti's ("Plaintiff") First Amended Complaint. ECF Nos. 14-1 ("MTD"), 12 ("FAC"). The motion is fully briefed, ECF Nos. 23 ("Opp'n"), 24 ("Reply"), and appropriate for decision without oral argument, Civ. L.R. 7-1(b). For the reasons explained below the Court GRANTS Defendant's motion and DISMISSES Plaintiff's FAC with leave to amend.

///

///

United States District Court
For the Northern District of California

**II. BACKGROUND**

The undisputed fact at the center of this dispute is simple: Plaintiff has a second mortgage loan provided and serviced by Defendants, and Plaintiff defaulted on said loan. FAC ¶ 2. Plaintiff's FAC, however, is no model of clarity. According to Plaintiff:

> [Defendants] provided Plaintiff with a mortgage loan and services such loan and in so doing have (1) provided a loan without providing and disclosing to Plaintiff, as required under law, the required Truth in Lending Disclosures; (2) failed to provide to Plaintiff, as required under law, the required disclosure of the Annual Percentage Rate ("APR") to be charged for the loan; (3) failed to provide to Plaintiff, as required under law, a detailed Good Faith Estimate detailing all relevant fees to be charged to Plaintiff; (4) failed to provide to Plaintiff, as required under law, a signed original of the Promissory Note relevant to [Plaintiff's] loan; (5) charged an excessive and undisclosed amount in interest charges in violation of law; (6) illegally and unfairly insisted that, prior to making any determination as to [Plaintiff's] right to a loan modification, that she must first pay [Defendants'] inflated "reinstatement" fees[,] which include exorbitant attorneys['] fees and costs[,] as well as excessive[,] undisclosed "miscellaneous" fees; and (7) have, even after payment of all such excessive fees and charges, then denied the loan modification request and unlawfully and unfairly attempted to foreclose on [Plaintiff's] property.

FAC ¶ 7. Plaintiff fully explains none of these alleged facts, going on to claim that Defendants knowingly misrepresented the nature and terms of the loans, that the loans were a good financial decision for Plaintiff, the loans' modification process, and Plaintiff's home's value. Id. ¶ 17.

Further, Plaintiff alleges that Defendants knowingly or

negligently defrauded her, "causing her to agree to enter a loan which Defendants knew Plaintiff [was] unlikely to ever be able to pay off. Because of Plaintiff['s] desperation and desire to stay in her Home, she justifiably relied on Defendants' misrepresentations about the terms of the loans, her ability to afford the loans and the value of their home." Id.

In this context, Plaintiff claims that Defendants had a duty to investigate the reasonableness of her income and confirm that she had the ability to repay the loan, but that they did not do so when they qualified her for the loan based on the "overstated income supply by Defendants." Id. ¶ 18. Essentially, Plaintiff is alleging that Defendants falsified her income themselves, because she never actually supplied it. See id. ¶¶ 18-19.

Plaintiff also asserts that Defendants hid the fact that the initial interest-only loan payments would convert to a fully amortized payment and then failed to qualify Plaintiff for the fully indexed, fully amortized amount despite an alleged agreement to do so. Id. ¶ 21.

Finally, based on Defendant's purported failure to have offered Plaintiff the correct loan or to convert Plaintiff's loan to the proper type, Plaintiff alleges that Defendant breached a duty to "competently and reasonably work with Plaintiff" to come to a modification agreement. Id.

From these facts, Plaintiff asserts four causes of action against Defendants: (1) quiet title, (2) fraud or negligent misrepresentation, (3) negligence, and (4) unfair, unlawful, and fraudulent business practices under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.

On January 24, 2013, Defendants moved to dismiss Plaintiff's FAC. A hearing on the MTD was set for March 1, 2013. On February 15, 2013, Defendants filed a Notice of Non-Opposition because Plaintiff had not responded to the MTD by the February 7 deadline. ECF No. 19. Plaintiff's counsel claimed he had not received the motion and asked the Court for a continuance on February 15, 2013. ECF No. 20.[1] The Court granted the continuance and held that the matter would be submitted on the papers, with no need for oral argument, after the parties filed their briefs. ECF No. 21. The parties submitted their briefs by March 7, 2013.

## III. **LEGAL STANDARD**

### A. **Motions to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the

[1] In light of Plaintiff's counsel's problems receiving Defendants' filings, Plaintiff's counsel is instructed to ensure that his ECF contact information is correct and to take all other steps necessary to avoid missing future filings, including ensuring that his email software is not misdirecting or blocking certain emails.

elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The court's review is generally "limited to the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." Metzler Inv. GMBH v. Corinthian Colls., Inc., 540 F.3d 1049, 1061 (9th Cir. 2008) (citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

When a motion to dismiss is granted, a district court must decide whether to grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. See, e.g., DeSoto v. Yellow Freight System, Inc., 957 F.2d 655, 658 (9th Cir. 1992). However, a court does not need to grant leave to amend in cases where the court determines that permitting a plaintiff to amend would be an exercise in futility. See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

## IV. DISCUSSION

### A. Quiet Title

The purpose of a quiet title action is to settle all conflicting claims to a piece of real property and to declare each interest or estate to which the parties are entitled. Newman v. Cornelius, 3 Cal. App. 3d 279, 284 (Cal. Ct. App. 1970). "A quiet title action must include: (1) a description of the property in question; (2) the basis for plaintiff's title; and (3) the adverse

United States District Court
For the Northern District of California

claims to plaintiff's title." Ananiev v. Aurora Loan Servs., LLC, C 12-2275 SI, 2012 WL 4099568, at *3 (N.D. Cal. Sept. 17, 2012) (citing Cal. Civ. Proc. Code § 760.020). "In order to satisfy the second requirement, plaintiff must allege that he has discharged his debt, regardless to whom it is owed." Id. (citing Kelley v. Mort. Elec. Registration Sys., Inc., 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009)). Plaintiff does not fulfill any of the requirements of a quiet title claim in the FAC, nor does she clarify this claim in her opposition. Defendant argues that the Court should therefore dismiss Plaintiff's quiet title claim with prejudice. The Court declines to do so, since it is not evident that amendment would be futile or prejudicial.

Plaintiff's quiet title claim is DISMISSED with leave to amend, if Plaintiff can factually plead such a claim in accordance with the law described above.

**B. Plaintiff's Remaining Claims**

As to Plaintiff's remaining claims, Defendants raise a number of arguments: (1) Plaintiff's FAC does not meet the plausibility standard of Rule 8 of the Federal Rules of Civil Procedure; (2) Plaintiff's fraud claims are time-barred, fail to meet Rule 9(b)'s particularity standards, state no cause of action because Defendant owed no duty to Plaintiff as a borrower, and are conclusory; (3) Plaintiff's negligence claim fails because Defendants owed no duty of care; and (4) Plaintiff's UCL claims all fail because Plaintiff has failed to plead injury, is time-barred from raising the claim based on the loan origination date, and fails to state the fraud-based claims with particularity. MTD at 4-13.

Plaintiff's opposition brief does not fully join these arguments: its main purposes appears to be to request leave to amend Plaintiff's complaint to correct the deficiencies that Defendants describe. See generally Opp'n. As such, the Court finds it appropriate at this point to discuss Plaintiffs' requests for amendment instead of attempting to evaluate Defendants' arguments on these issues.

The Court is cognizant of Defendants' arguments, and of the deep pleading defects in Plaintiff's FAC. However, the present facts do not indicate to the Court that it would be impossible for Plaintiff to cure her FAC's deficiencies by amendment, that amendment would prejudice Defendant, or that further amendment would cause undue delay.

The Court GRANTS Defendants' motion and DISMISSES all of Plaintiff's remaining claims. Plaintiff has leave to amend her complaint, limited to the precise issues that Plaintiff herself indicated as curable deficiencies. Plaintiff is reminded to plead facts in accordance with Rule 8, Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Plaintiff must not assert merely conclusory or threadbare allegations in her amended complaint. The amendable claims, according to Plaintiff, are as follows:

- Illegality of the Mortgage Loan: Plaintiff has leave to amend the complaint to allege that the mortgage loan upon which Defendant relies was illegal and void from the day it was signed. Opp'n at 6.
- Completion of the Loan Application: Plaintiff has leave to amend the complaint to state that she never completed

**United States District Court**
For the Northern District of California

any loan application. Id. at 6-7.

- Consent Decree: Plaintiff has leave to amend the complaint to provide detail on Defendants' alleged Consent Decree and its effects, including its purported imposition of a duty of care. Id. at 7-8.
- Statute of Limitations: Plaintiff has leave to amend the complaint to explain why equitable tolling should apply to toll the statute of limitations. Id. at 9.
- Vagueness: Plaintiff has leave to amend the complaint to identify the appropriate entities in the relevant causes of action, and to provide the dates of her interactions with loan modification officers, their names, and other necessary details to meet the standards of Rules 8 and 9(b). Id. at 9.
- Joinder: Plaintiff has leave to amend the complaint to join Plaintiff's husband. Id. at 11.

///

///

///

///

///

///

///

///

///

///

///

///

## V. CONCLUSION

For the reasons explained above, Defendants CitiBank, N.A., and CitiMortgage, Inc.'s motion to dismiss Plaintiff Gina Sanguinetti's First Amended Complaint is GRANTED. Plaintiff's complaint is DISMISSED with leave to amend. Plaintiff has thirty (30) days from this Order's signature date to file an amended complaint. Failure to do so may result in this action being dismissed with prejudice. Any new complaint must avoid repeating the dismissed complaint's mistakes.

IT IS SO ORDERED.

Dated: March 28, 2013

UNITED STATES DISTRICT JUDGE