**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GINA SANGUINETTI,

    Plaintiff,

  v.

CITIMORTGAGE, INC., CITIBANK, N.A., AND DOES 1-10,

    Defendants.

Case No. 12-5424 SC

<u>ORDER TO SHOW CAUSE</u>

This is a foreclosure dispute. On January 24, 2013, Defendants CitiMortgage, Inc. and CitiBank, N.A. ("Defendants") moved to dismiss Plaintiff Gina Sanguinetti's ("Plaintiff") first amended complaint in this foreclosure matter. ECF No. 14-1 ("MTD"). On February 15, 2013, Defendants filed a Notice of Non-Opposition because Plaintiff had not responded to the motion to dismiss by the February 7 deadline. ECF No. 19. Plaintiff's counsel claimed he had not received the motion and asked the Court to continue the briefing schedule on the motion to dismiss. ECF No. 20. The Court did so, stating that the matter would be submitted on the papers, with no need for oral argument, after the parties filed their briefs. ECF No. 21.

1    The parties submitted their briefs by March 7, and the Court
2 dismissed Plaintiff's FAC with leave to amend on March 28.  ECF No.
3 21 ("Mar. 28 Order").  The Court gave Plaintiff thirty days to
4 amend her claims and set out an outlined list of the deficient
5 claims and how Plaintiff might repair them.  See id. at 7-8.  More
6 than thirty days passed, and Plaintiff never filed an amended
7 complaint.  On May 2, 2013, Defendant moved to dismiss the case for
8 lack of prosecution.  ECF No. 26 ("MTD II").  Without responding to
9 that motion, Plaintiff filed an amended complaint (without leave,
10 and several days too late) on May 7, 2013.  ECF No. 29 ("SAC").
11    Since federal courts have a policy of hearing cases on the
12 merits and not dismissing them on technicalities, the Court DENIES
13 Defendant's motion to dismiss for lack of prosecution.  Plaintiff
14 has now filed her second amended complaint, and even though it is
15 later than the Court ordered, the Court will accept it.
16    Separately, the Court is puzzled (to say the least) by
17 Plaintiff's counsel's repeated failures to obey the Court's orders
18 or the rules of procedure in this case.  These failures do not just
19 mean extra work for Defendant and the Court.  They put Plaintiff's
20 home and well-being at hazard.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Plaintiff's counsel is ORDERED to show cause why he has continually failed to adhere to briefing deadlines and the rules of procedure in this case, and why he should not therefore be sanctioned.  He may file a brief on this matter within five business days of this Order's signature date.  His failure to show cause on this issue may result in the dismissal of Plaintiff's action with prejudice and in sanctions for Plaintiff's counsel.

IT IS SO ORDERED.

Dated: May 10, 2013

UNITED STATES DISTRICT JUDGE