United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GINA SANGUINETTI and GERALD SANGUINETTI, | ) Case No. 12-5424 SC<br>)<br>) ORDER GRANTING MOTION TO<br>) DISMISS |
| Plaintiffs, | ) |
| v. | ) |
| CITIMORTGAGE, INC., CITIBANK, N.A., AND DOES 1-10, | ) |
| Defendants. | ) |

## I.   **INTRODUCTION**

Now before the court is Defendants CitiMortgage, Inc. and Citibank, N.A.'s (collectively "Defendants") motion to dismiss Plaintiffs Gina and Gerald Sanguinetti's ("Plaintiffs") Second Amended Complaint.  ECF Nos. 29 ("SAC"), 33 ("MTD").  The motion is fully briefed,  ECF Nos. 34 ("Opp'n"), 35 ("Reply"), and appropriate for decision without oral argument, Civ. L.R. 7-1(b). For the reasons explained below the Court GRANTS Defendants' motion and DISMISSES this case with prejudice.

///

///

**United States District Court**
For the Northern District of California

## II.   BACKGROUND

In her first amended complaint, Plaintiff Gina Sanguinetti brought an action against Defendants, claiming that she and her husband had been harmed by Defendants' malicious lending practices. In that complaint, Ms. Sanguinetti claimed that Defendants had misled her into entering an unsustainably expensive adjustable-rate mortgage ("ARM"), despite knowing that her income was below what was reasonable (and in fact falsifying her income information in the lending documents).  She also alleged that Defendants did not disclose legally required information or follow proper loan modification proceedings, and that Defendants were under a Consent Judgment that imposed a duty of care and rendered some of Defendants' activities actionably negligent.

Defendants contended that Ms. Sanguinetti's first amended complaint was impermissibly vague and did not allege sufficient facts as to any claim; that some of her claims were time-barred; and that she had failed to join her husband Gerald Sanguinetti as a necessary plaintiff.  The Court agreed with Defendants and dismissed the complaint with leave to amend so that Plaintiffs could add more detail on the following points: the illegality of the mortgage loan, the completion of the loan application, the Consent Judgment, statutes of limitations, the specificity of Defendants' actions, and the joinder of Mr. Sanguinetti.  ECF No. 25 ("Order on MTD FAC").  Plaintiffs then filed the SAC.

The only fact that the parties do not now dispute is that Plaintiffs obtained a second mortgage from CitiMortgage, a CitiBank subsidiary, sometime in March 2008, and later defaulted on it.  SAC ¶ 17.  Plaintiffs allege that Defendants are alter egos of each

other.  Id. ¶ 12.  Plaintiffs allege, as background facts, that Defendants have:

> (1) provided a loan without providing and disclosing to Plaintiffs, as required under law, the required Truth in Lending Disclosures;
> (2) failed to provide to Plaintiffs, as required under law, the required disclosure of the Annual Percentage Rate ("APR") to be charged for the loan;
> (3) failed to provide to Plaintiffs, as required under law, a detailed Good Faith estimate detailing all relevant fees to be charged to Plaintiffs;
> (4) failed to provide to Plaintiffs, as required under law, a signed original of the Promissory Note relevant to Plaintiffs' loan; and
> (5) charged an excessive and undisclosed amount in interest charges in violation of law.

SAC ¶ 14.  Additionally, Plaintiffs allege that Defendants tried to get Plaintiffs to pay excessive fees related to a loan modification or settlement, and that Defendants also insisted that Plaintiffs pay all existing fees and arrears despite knowing Plaintiffs could not afford to do so.  Id.  Plaintiffs' SAC also adds an array of facts related to the Court's permitted amendments.  See Order on MTD FAC at 7-8.  The Court summarizes these facts below.

Plaintiffs contend that Defendants, via CitiMortgage acting as Citibank's agent or broker, misled them about the terms of the mortgage loan they received and falsified Plaintiffs' financial information, in order to force Plaintiffs into an ARM, the payments of which would escalate to more than 100 percent of Plaintiffs' income.  See SAC ¶¶ 14-22.  Plaintiffs add that because Defendants were incentivized to push as many of these unsustainable loans onto unsophisticated buyers as possible, Defendants simply entered false information about Plaintiffs into their applications, and did not

United States District Court
For the Northern District of California

1   proceed with due diligence as to Plaintiffs' financial situation.

2   See id. ¶¶ 24-26.  Sometime in 2009, Plaintiffs became unable to

3   make their monthly payments on the mortgage, and they received a

4   Notice of Default on November 15, 2009.  Id. ¶ 38.

5      Plaintiffs requested a loan modification or settlement from

6   Defendants, but they claim that Defendants consistently mismanaged

7   their requests by ignoring them and failing to give them correct

8   paperwork and information.  Id. ¶¶ 27-28.  Plaintiffs claim that as

9   a result of Defendants' negligent and unlawful activities, the

10  mortgage and deed of trust are illegal and unconscionable, thereby

11  depriving Defendants of the legal capacity to sell Plaintiffs' home

12  or take other action against Plaintiffs based on their default.

13  Id. ¶¶ 29-30.  Nevertheless, Defendant CitiMortgage served

14  Plaintiffs with a Notice of Trustee Sale on October 3, 2011, though

15  no sale has yet occurred.  Id. ¶ 30.

16     Plaintiffs now clarify, as to their original reference to a

17  Consent Judgment, that around April 4, 2012, they learned of a

18  Consent Judgment entered in a case brought against Defendants by

19  the federal government and California as an individual state.  Id.

20  ¶ 32.  Plaintiffs quote sections of the Consent Judgment that

21  purportedly (i) require Defendants to evaluate all available loan

22  modifications for borrowers like Plaintiffs, and (ii) forbid

23  Defendants from referring eligible borrowers' accounts to

24  foreclosure while applications for loan modification are pending.

25  Id. ¶¶ 34-35.[1]  Plaintiffs claim that they discussed the Consent

26  _____

27  [1] Plaintiffs did not include the Consent Judgment in any of their
    filings.  Pursuant to a Court Order, ECF No. 43, they filed a copy
    on August 20, 2013, ECF No. 44 ("Consent Judgment").  Even so,
28  Plaintiffs did not include the actual settlement terms of the
    Consent Judgment.  However, as documents incorporated by reference

4

United States District Court
For the Northern District of California

Judgment with Bank of America -- presumably a typo, since that bank is not a defendant in this case -- and confirmed that Defendants were bound by it.  See ¶ 35.  Nevertheless, Plaintiffs claim that Defendants' actions do not comport with the requirements of the Consent Judgment.

From these facts, Plaintiff asserts four causes of action against Defendants: (1) quiet title, (2) fraud or negligent misrepresentation, (3) negligence, and (4) unfair, unlawful, and fraudulent business practices under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.

III.  **LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the

into the Plaintiffs' complaint that are also part of the public record, the Court considers the publicly filed settlement terms incorporated by reference here and takes judicial notice of them. Consent Judgment Settlement Terms, United States v. Bank of America Corp., No. 1:12-cv-00361-RMC (D.D.C. Apr. 4, 2012) (ECF No. 12 Ex. 1).

elements of a cause of action, supported by mere conclusory
statements, do not suffice." Id. (citing Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 555 (2007)).  The court's review is
generally "limited to the complaint, materials incorporated into
the complaint by reference, and matters of which the court may take
judicial notice." Metzler Inv. GMBH v. Corinthian Colls., Inc.,
540 F.3d 1049, 1061 (9th Cir. 2008) (citing Tellabs, Inc. v. Makor
Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

       Additionally, allegations of fraud must meet the heightened
pleading standard of Federal Rule of Civil Procedure 9(b), which
requires that plaintiffs alleging fraud "must state with
particularity the circumstances constituting fraud." Kearns v.
Ford Motor Co., 567 F.3d 1120, 1125-27 (9th Cir. 2009).  "To
satisfy Rule 9(b), a pleading must identify the who, what, when,
where, and how of the misconduct charged, as well as what is false
or misleading about the purportedly fraudulent statement, and why
it is false." United States ex rel Cafasso v. Gen. Dynamics c$
Sys., 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks
and citations omitted).

       When a motion to dismiss is granted, a district court must
decide whether to grant leave to amend.  Generally, the Ninth
Circuit has a liberal policy favoring amendments and, thus, leave
to amend should be freely granted.  See, e.g., DeSoto v. Yellow
Freight System, Inc., 957 F.2d 655, 658 (9th Cir. 1992).  However,
a court does not need to grant leave to amend in cases where the
court determines that permitting a plaintiff to amend would be an
exercise in futility.  See, e.g., Rutman Wine Co. v. E. & J. Gallo
Winery, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to

1  amend is not an abuse of discretion where the pleadings before the

2  court demonstrate that further amendment would be futile.").

3

4  **IV.  DISCUSSION**

5       **A.  Unconscionability**

6       Plaintiffs' main argument in their SAC is that the loan

7  agreements are unconscionable and therefore void, so Defendants'

8  arguments are precluded and their legal bases for foreclosure are

9  impermissible.  Opp'n at 8-10; SAC ¶¶ 16-24.

10      "[U]nconscionability has both a 'procedural' and a

11 'substantive element,' the former focusing on 'oppression' or

12 'surprise' due to unequal bargaining power, the latter on 'overly

13 harsh' or 'one-sided' results."  Armendariz v. Found. Health

14 Psychcare Servs., Inc., 24 Cal. 4th 83, 114 (Cal. 2000) (citations

15 omitted).  "'Oppression' arises from an inequality of bargaining

16 power which results in no real negotiation and 'an absence of

17 meaningful choice.'"  Bruni v. Didion, 160 Cal. App. 4th 1272, 1288

18 (Cal. Ct. App. 2008).  "'Surprise' involves the extent to which the

19 supposedly agreed-upon terms of the bargain are hidden in a prolix

20 printed form drafted by the party seeking to enforce the disputed

21 terms."  Id.  "The substantive element of unconscionability focuses

22 on the actual terms of the agreement and evaluates whether they

23 create 'overly harsh' or 'one-sided' results as to 'shock the

24 conscience.'"  Id.  "Both elements must be present, but the more

25 substantively oppressive the contract term, the less evidence of

26 procedural unconscionability is required to come to the conclusion

27 that the term is unenforceable, and vice versa."  Woodside Homes of

28

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

Cal., Inc. v. Super. Ct., 107 Cal. App. 4th 723, 727 (Cal. Ct. App. 2003).

Plaintiffs' grounds for unconscionability are essentially that Defendants had overwhelming bargaining power, drafted a contract with unfair terms, and presented it to the unsophisticated Plaintiffs on a "take-it-or-leave-it" basis.  SAC ¶ 16.  According to Plaintiffs, since Defendants' agent completed the loan documents for them and assured them that the loan documents "accurately reflected what Plaintiffs had been told, what they wanted, and what they could afford," the loan agreements are unconscionable because the underlying terms were predatory and contrary to Plaintiffs' wishes and financial means.  Id. ¶¶ 17-24.

Defendants respond that Plaintiffs fail to allege that any of their actual obligations were unclear or surprising on the loan documents' terms, or that any specific terms were substantively unconscionable.  Reply at 10-11.  Defendants add that even if the Court recognized unconscionability as a claim instead of a defense, it would be governed by California Code of Civil Procedure section 339(1)'s catch-all four-year statute of limitations, and would therefore be time-barred because of the more-than-four-year gap between the loan's origination in May 2008 and the present action's filing in September 2012.

Plaintiffs' unconscionability argument fails. Unconscionability is a defense, not a cause of action, see Dean Witter Reynolds, Inc. v. Super. Ct., 211 Cal. App. 3d 758, 766 (Cal. Ct. App. 1989), so at best Plaintiffs are trying to preempt legal action by Defendants by using unconscionability as a predicate to other claims.  This fails because, as Defendants note,

**United States District Court**
For the Northern District of California

1   such a theory of unconscionability would be governed by

2   California's four-year catch-all limitations period, Cal. Code Civ.

3   Proc. § 339(1).  Therefore, the Court finds that apart from being

4   procedurally improper, Plaintiffs' unconscionability arguments are

5   also time-barred because they are based on a May 2008 origination

6   date and this case was filed in September 2012.  All of Plaintiffs'

7   allegations about unconscionability are DISMISSED with prejudice.

8          **B.   <u>Plaintiffs' Fraud Claims</u>**

9          Plaintiffs again assert claims for fraud and negligent

10   misrepresentation against Defendants, but Defendants raise the

11   threshold argument that both of these claims are time-barred.  The

12   statute of limitations is three years for a fraud claim, Cal. Code

13   Civ. Proc. § 338(d), and two years for a negligent

14   misrepresentation claim, <u>id.</u> § 339(1).  Defendants argue that

15   Plaintiffs' fraud-based claims are time-barred because Plaintiffs

16   obtained their mortgage in March 2008 but did not file the instant

17   action until September 14, 2012, and that Plaintiffs have not pled

18   facts to toll the statutes of limitations.  MTD SAC at 4-6.

19   Plaintiffs respond that (1) they filed a related action on February

20   17, 2012, earlier than the September date; (2) their

21   unconscionability argument renders the statute of limitations

22   irrelevant; and (3) they could amend to allege equitable tolling

23   should apply because they did not discover that the loan's terms

24   had been misrepresented until May 2009.  <u>See</u> Opp'n at 3, 10-11.

25          First, the Court finds no facts in the record that the

26   purported February 2012 action is related to this case.  At no

27   point do Plaintiffs provide any proof of such relation.  Second, as

28   noted above, the Court rejects Plaintiffs' unconscionability

1   arguments.  Finally, the Court has already granted Plaintiffs leave

2   to amend to allege equitable tolling.  Order on MTD FAC at 7-8.

3   They did not do so.  The Court finds Plaintiffs' fraud and

4   negligent misrepresentation claims barred by the relevant statutes

5   of limitations.  They are therefore DISMISSED with prejudice.

6       **C.   <u>Negligence</u>**

7       Plaintiffs assert a claim for negligence under California

8   Civil Code sections 1714(a) and 3333.  The elements of a claim for

9   negligence are (1) a legal duty of care, (2) breach of that duty,

10  (3) proximate or legal cause, and (4) damages.  <u>Ladd v. Cnty. of</u>

11  <u>San Mateo</u>, 12 Cal. 4th 913, 917 (Cal. Ct. App. 1996).  Financial

12  institutions generally owe no duty of care to borrowers if their

13  involvement in a loan transaction does not exceed their scope as

14  mere lenders of money.  <u>Nymark v. Heart Fed. Savings & Loan Ass'n</u>,

15  231 Cal. App. 3d 1089, 1096 (Cal. Ct. App. 1998).

16      The primary dispute as to Plaintiffs' negligence claim

17  concerns whether Defendants owe Plaintiffs a duty of care.

18  Plaintiffs have three theories of why Defendants owe them a special

19  duty of care.

20      First, despite <u>Nymark</u>, Plaintiffs assert that Defendants owed

21  a duty of care under a Consent Judgment between Defendants and the

22  United States of America (including California as an individual

23  state).  <u>See</u> SAC ¶ 61.  Plaintiffs state that they are third-party

24  beneficiaries of the Consent Judgment, Opp'n at 13, and that it

25  both imposes on Defendants a duty to evaluate borrowers for all

26  available loan modification options before initiating foreclosure

27  and forbids Defendants from referring accounts to disclosure while

28  loan modifications are pending, SAC ¶ 33.  Plaintiffs allege that

**United States District Court**
For the Northern District of California

1  Defendants effectively amended their pre-existing loan agreements

2  with Plaintiffs after the Consent Judgment was entered in April

3  2012, thereby requiring Defendants to act under the Consent

4  Judgment's duty of care even though the loan agreements in this

5  case were entered in May 2008.  See Opp'n at 12-14.

6      Second, Plaintiffs contend that even under Nymark, Defendants

7  act beyond the role of "mere lenders of money" and therefore assume

8  a duty of care that they would otherwise not have.  Opp'n at 13.

9      Third, Plaintiffs add in their opposition brief that

10 Defendants operate under a statutory duty of care per the

11 California Homeowners Bill of Rights, California Civil Code

12 sections 2923.5 et seq.  According to Plaintiffs, sections 2923.5,

13 2924.17, and 2924.18 provide the relevant statutory duties of care

14 in this case.  Section 2923.5 sets out detailed requirements for

15 mortgage servicers seeking to send borrowers notices of default.

16 Section 2924.17 prohibits "robo-signing," or executing foreclosure

17 documents without "substantiat[ing] the borrower's default and the

18 right to foreclose."  Section 2924.18 prohibits dual-tracking,

19 which is the initiation of foreclosure proceedings while evaluation

20 of a borrower's loan modification application is ongoing.

21     The Court finds all of Plaintiffs' arguments unpersuasive.

22 Regarding Plaintiffs' first theory, "[c]onsent decrees are

23 construed as contracts for purposes of enforcement," and "under

24 Ninth Circuit precedent, incidental third-party beneficiaries may

25 not enforce consent decrees, but intended third-party beneficiaries

26 may."  United States v. FMC Corp., 531 F.3d 813, 819-20 (9th Cir.

27 2008) (citing Hook v. Az. Dep't of Corrections, 972 F.2d 1012,

28 1014-15 (9th Cir. 1992)).  When the government is the plaintiff,

**United States District Court**
For the Northern District of California

1  third-party beneficiaries of a consent judgment are presumptively

2  incidental beneficiaries absent a clear expression in the consent

3  decree that individual members of the public can enforce the

4  agreement.  Id. at 821; see also Klamath Water Users Protective

5  Ass'n v. Patterson, 204 F.3d 1206, 1211 (9th Cir. 1999).  Such

6  clear intent must appear in the consent decree's precise language.

7  Cnty. of Santa Clara v. Astra USA, Inc., 588 F.3d 1237, 1244 (9th

8  Cir. 2009), rev'd on other grounds by Astra USA, Inc. v. Santa

9  Clara Cnty., Cal., 131 S. Ct. 1342 (2011).

10      The Consent Judgment's enforcement provisions never reference

11  the possibility of an enforcement proceeding being brought by an

12  individual borrower as a third-party beneficiary.  Instead they

13  allow enforcement actions to be brought by parties to the Consent

14  Judgment or by the monitoring committee that the Consent Judgment

15  establishes.  See Consent Judgment at 18-20, 22; see generally

16  Settlement Terms.  The Court therefore finds that the decree's

17  precise language does not establish "a clear intent to rebut the

18  presumption that the third parties [to the Consent Judgment] are

19  merely incidental beneficiaries." Astra USA, 588 F.3d at 1244.

20  The Consent Judgment does not provide a basis for Plaintiffs'

21  claims.

22      Second, Plaintiffs argue that despite Nymark, the Consent

23  Judgment makes it clear that Defendants have adopted a separate

24  standard of care and are acting not as mere lenders but as some

25  other kind of entity that entitles Plaintiffs to a negligence claim

26  based on the loan modification proceedings.  Opp'n at 13.  In

27  support of this contention, Plaintiffs cite Ansanelli v. JP Morgan

28  Chase Bank, N.A., No. C 10-3892, 2011 WL 1134451 (N.D. Cal. Mar.

**United States District Court**
For the Northern District of California

28, 2011).  In that case, the court held that because a bank went
beyond its role as silent lender and loan servicer when it offered
a loan modification and trial modification plan, the bank assumed a
duty of care that it would otherwise lack under Nymark.  Id. at *7.
The Court finds that reasoning unpersuasive.  Loan modifications
are part of the lending process, and negotiating a lending
agreement's terms is one of a bank's key functions.  See Armstrong
v. Chevy Chase Bank, FSB, No. 5:11-cv-05664 EJD, 2012 WL 4747165,
at *4 (N.D. Cal. Oct. 3, 2012).  The Court therefore finds that
this theory of the duty of care also fails.

Finally, Plaintiffs' theories of why Defendants have a duty of
care under the California Homeowners Bill of Rights is newly
asserted in the opposition brief.  It was not pled in the
complaint.  Amendment might be warranted in such a case, but
Plaintiffs' theory is futile because the statutes Plaintiffs cite
were enacted in 2013, and absent express provision to the contrary,
California statutes are not presumed to act retroactively.  Myers
v. Philip Morris Cos., Inc., 28 Cal. 4th 828, 840-41 (Cal. 2002).
They do not apply to Plaintiffs' claims.

The Court therefore finds that Plaintiffs have not pled a
claim for negligence and DISMISSES this claim.  Since the Court
previously gave Plaintiffs leave to amend on this point, the
dismissal is with prejudice.

**D.   Quiet Title**

The purpose of a quiet title action is to settle all
conflicting claims to a piece of real property and to declare each
interest or estate to which the parties are entitled.  Newman v.
Cornelius, 3 Cal. App. 3d 279, 284 (Cal. Ct. App. 1970).  "A quiet

**United States District Court**
For the Northern District of California

1   title action must include: (1) a description of the property in

2   question; (2) the basis for plaintiff's title; and (3) the adverse

3   claims to plaintiff's title." Ananiev v. Aurora Loan Servs., LLC,

4   C 12-2275 SI, 2012 WL 4099568, at *3 (N.D. Cal. Sept. 17, 2012)

5   (citing Cal. Civ. Proc. Code § 760.020).  "In order to satisfy the

6   second requirement, plaintiff must allege that he has discharged

7   his debt, regardless to whom it is owed." Id. (citing Kelley v.

8   Mort. Elec. Registration Sys., Inc., 642 F. Supp. 2d 1048, 1057

9   (N.D. Cal. 2009)).

10      Defendants argue that Plaintiffs fail to state a claim for

11  quiet title, mainly because they have not discharged their debt

12  and, in any event, Plaintiffs' unconscionability allegations must

13  fail.  MTD SAC at 14-15.  Plaintiffs do not dispute Defendants'

14  argument.  The Court agrees with Defendants.  Plaintiffs' quiet

15  title claim is DISMISSED.  The dismissal is with prejudice since

16  the Court gave Plaintiffs leave to amend this claim to make it

17  colorable, and Plaintiffs failed to do so.

18      **E.   UCL**

19      The UCL prohibits unfair competition, including, inter alia,

20  "any unlawful, unfair or fraudulent business act."  Cal. Bus. &

21  Prof. Code § 17200.  "Because [section 17200] is written in the

22  disjunctive, it establishes three varieties of unfair competition -

23  - acts or practices which are unlawful, or unfair, or fraudulent."

24  Berryman v. Merit Prop. Mgmt., Inc., 152 Cal. App. 4th 1544, 1554

25  (Cal. Ct. App. 2007).

26      Plaintiffs are not very precise about the nature of their UCL

27  claim, but their opposition brief states that they rely on their

28  allegations of unconscionability and the Homeowners Bill of Rights'

14

**United States District Court**
For the Northern District of California

bar against "dual-tracking" as predicate offenses.  <u>See</u> Opp'n at 14.  These allegations would suit a claim under the unlawfulness prong, which allows plaintiffs to "borrow" from violations of underlying laws.  As noted above, these are insufficient bases for a UCL violation because the Homeowners' Bill of Rights does not operate retroactively.

However, Plaintiffs' complaint includes several other bases for their UCL claim.  First, under the unfairness prong, the allegations that Defendants failed to undertake loan servicing and modification properly, as when they steered Plaintiffs toward an unpayable loan and unfairly kept Plaintiffs circulating through a temporary modification process.  SAC ¶ 75.  Second, Plaintiffs allege violations of the UCL's fraud prong.  Plaintiffs plead that Defendants' misrepresentations and omissions regarding Plaintiffs' payment capacity and the loan's modification process are likely to deceive reasonable consumers.  SAC ¶ 77.

Plaintiffs' pleadings under these prongs fail to cure the defects of their first amended complaint: Plaintiffs simply do not provide precise enough facts to state claims under the UCL.  They provide a list of conclusory allegations, <u>see</u> SAC ¶¶ 75-78, but they do not support these allegations with facts elsewhere in their pleadings.  The Court gave Plaintiffs an opportunity to cure these problems, but they failed to do so.  Plaintiffs' UCL claim is DISMISSED with prejudice.

///

///

///

///

**V.    CONCLUSION**

For the reasons explained above, Defendants CitiBank, N.A., and CitiMortgage, Inc.'s motion to dismiss Plaintiff Gina Sanguinetti's First Amended Complaint is GRANTED.  Plaintiffs' complaint is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: September 11, 2013

_____

UNITED STATES DISTRICT JUDGE