IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GINA SANGUINETTI and GERALD SANGUINETTI, | Case No. 12-5424 SC |
| Plaintiffs, | ORDER GRANTING MOTION TO DISMISS |
| v. |  |
| CITIMORTGAGE, INC., CITIBANK, N.A., AND DOES 1-10, |  |
| Defendants. |  |

## I.  INTRODUCTION

Now before the court is Defendants CitiMortgage, Inc. and Citibank, N.A.'s (collectively "Defendants") motion to dismiss Plaintiffs Gina and Gerald Sanguinetti's ("Plaintiffs") Second Amended Complaint.  ECF Nos. 29 ("SAC"), 33 ("MTD").  The motion is fully briefed, ECF Nos. 34 ("Opp'n"), 35 ("Reply"), and appropriate for decision without oral argument, Civ. L.R. 7-1(b). For the reasons explained below the Court GRANTS Defendants' motion and DISMISSES this case with prejudice.

///

///

## II. BACKGROUND

In her first amended complaint, Plaintiff Gina Sanguinetti brought an action against Defendants, claiming that she and her husband had been harmed by Defendants' malicious lending practices. In that complaint, Ms. Sanguinetti claimed that Defendants had misled her into entering an unsustainably expensive adjustable-rate mortgage ("ARM"), despite knowing that her income was below what was reasonable (and in fact falsifying her income information in the lending documents). She also alleged that Defendants did not disclose legally required information or follow proper loan modification proceedings, and that Defendants were under a Consent Judgment that imposed a duty of care and rendered some of Defendants' activities actionably negligent.

Defendants contended that Ms. Sanguinetti's first amended complaint was impermissibly vague and did not allege sufficient facts as to any claim; that some of her claims were time-barred; and that she had failed to join her husband Gerald Sanguinetti as a necessary plaintiff. The Court agreed with Defendants and dismissed the complaint with leave to amend so that Plaintiffs could add more detail on the following points: the illegality of the mortgage loan, the completion of the loan application, the Consent Judgment, statutes of limitations, the specificity of Defendants' actions, and the joinder of Mr. Sanguinetti. ECF No. 25 ("Order on MTD FAC"). Plaintiffs then filed the SAC.

The only fact that the parties do not now dispute is that Plaintiffs obtained a second mortgage from CitiMortgage, a CitiBank subsidiary, sometime in March 2008, and later defaulted on it. SAC ¶ 17. Plaintiffs allege that Defendants are alter egos of each

other. Id. ¶ 12. Plaintiffs allege, as background facts, that Defendants have:

> (1) provided a loan without providing and disclosing to Plaintiffs, as required under law, the required Truth in Lending Disclosures;
> (2) failed to provide to Plaintiffs, as required under law, the required disclosure of the Annual Percentage Rate ("APR") to be charged for the loan;
> (3) failed to provide to Plaintiffs, as required under law, a detailed Good Faith estimate detailing all relevant fees to be charged to Plaintiffs;
> (4) failed to provide to Plaintiffs, as required under law, a signed original of the Promissory Note relevant to Plaintiffs' loan; and
> (5) charged an excessive and undisclosed amount in interest charges in violation of law.

SAC ¶ 14. Additionally, Plaintiffs allege that Defendants tried to get Plaintiffs to pay excessive fees related to a loan modification or settlement, and that Defendants also insisted that Plaintiffs pay all existing fees and arrears despite knowing Plaintiffs could not afford to do so. Id. Plaintiffs' SAC also adds an array of facts related to the Court's permitted amendments. See Order on MTD FAC at 7-8. The Court summarizes these facts below.

Plaintiffs contend that Defendants, via CitiMortgage acting as Citibank's agent or broker, misled them about the terms of the mortgage loan they received and falsified Plaintiffs' financial information, in order to force Plaintiffs into an ARM, the payments of which would escalate to more than 100 percent of Plaintiffs' income. See SAC ¶¶ 14-22. Plaintiffs add that because Defendants were incentivized to push as many of these unsustainable loans onto unsophisticated buyers as possible, Defendants simply entered false information about Plaintiffs into their applications, and did not

1 proceed with due diligence as to Plaintiffs' financial situation.
2 See id. ¶¶ 24-26.  Sometime in 2009, Plaintiffs became unable to
3 make their monthly payments on the mortgage, and they received a
4 Notice of Default on November 15, 2009.  Id. ¶ 38.

5    Plaintiffs requested a loan modification or settlement from
6 Defendants, but they claim that Defendants consistently mismanaged
7 their requests by ignoring them and failing to give them correct
8 paperwork and information.  Id. ¶¶ 27-28.  Plaintiffs claim that as
9 a result of Defendants' negligent and unlawful activities, the
10 mortgage and deed of trust are illegal and unconscionable, thereby
11 depriving Defendants of the legal capacity to sell Plaintiffs' home
12 or take other action against Plaintiffs based on their default.
13 Id. ¶¶ 29-30.  Nevertheless, Defendant CitiMortgage served
14 Plaintiffs with a Notice of Trustee Sale on October 3, 2011, though
15 no sale has yet occurred.  Id. ¶ 30.

16    Plaintiffs now clarify, as to their original reference to a
17 Consent Judgment, that around April 4, 2012, they learned of a
18 Consent Judgment entered in a case brought against Defendants by
19 the federal government and California as an individual state.  Id.
20 ¶ 32.  Plaintiffs quote sections of the Consent Judgment that
21 purportedly (i) require Defendants to evaluate all available loan
22 modifications for borrowers like Plaintiffs, and (ii) forbid
23 Defendants from referring eligible borrowers' accounts to
24 foreclosure while applications for loan modification are pending.
25 Id. ¶¶ 34-35.[1]  Plaintiffs claim that they discussed the Consent

---

[1] Plaintiffs did not include the Consent Judgment in any of their filings.  Pursuant to a Court Order, ECF No. 43, they filed a copy on August 20, 2013, ECF No. 44 ("Consent Judgment").  Even so, Plaintiffs did not include the actual settlement terms of the Consent Judgment.  However, as documents incorporated by reference

4

Judgment with Bank of America -- presumably a typo, since that bank is not a defendant in this case -- and confirmed that Defendants were bound by it. See ¶ 35. Nevertheless, Plaintiffs claim that Defendants' actions do not comport with the requirements of the Consent Judgment.

From these facts, Plaintiff asserts four causes of action against Defendants: (1) quiet title, (2) fraud or negligent misrepresentation, (3) negligence, and (4) unfair, unlawful, and fraudulent business practices under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.

## III.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the

---

into the Plaintiffs' complaint that are also part of the public record, the Court considers the publicly filed settlement terms incorporated by reference here and takes judicial notice of them. Consent Judgment Settlement Terms, United States v. Bank of America Corp., No. 1:12-cv-00361-RMC (D.D.C. Apr. 4, 2012) (ECF No. 12 Ex. 1).

elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The court's review is generally "limited to the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." Metzler Inv. GMBH v. Corinthian Colls., Inc., 540 F.3d 1049, 1061 (9th Cir. 2008) (citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

Additionally, allegations of fraud must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires that plaintiffs alleging fraud "must state with particularity the circumstances constituting fraud." Kearns v. Ford Motor Co., 567 F.3d 1120, 1125-27 (9th Cir. 2009). "To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." United States ex rel Cafasso v. Gen. Dynamics c$ Sys., 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks and citations omitted).

When a motion to dismiss is granted, a district court must decide whether to grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. See, e.g., DeSoto v. Yellow Freight System, Inc., 957 F.2d 655, 658 (9th Cir. 1992). However, a court does not need to grant leave to amend in cases where the court determines that permitting a plaintiff to amend would be an exercise in futility. See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to

1  amend is not an abuse of discretion where the pleadings before the
2  court demonstrate that further amendment would be futile.").
3
4  **IV.   DISCUSSION**
5       **A.   Unconscionability**
6       Plaintiffs' main argument in their SAC is that the loan
7  agreements are unconscionable and therefore void, so Defendants'
8  arguments are precluded and their legal bases for foreclosure are
9  impermissible.  Opp'n at 8-10; SAC ¶¶ 16-24.
10      "[U]nconscionability has both a 'procedural' and a
11 'substantive element,' the former focusing on 'oppression' or
12 'surprise' due to unequal bargaining power, the latter on 'overly
13 harsh' or 'one-sided' results."  Armendariz v. Found. Health
14 Psychcare Servs., Inc., 24 Cal. 4th 83, 114 (Cal. 2000) (citations
15 omitted).  "'Oppression' arises from an inequality of bargaining
16 power which results in no real negotiation and 'an absence of
17 meaningful choice.'"  Bruni v. Didion, 160 Cal. App. 4th 1272, 1288
18 (Cal. Ct. App. 2008).  "'Surprise' involves the extent to which the
19 supposedly agreed-upon terms of the bargain are hidden in a prolix
20 printed form drafted by the party seeking to enforce the disputed
21 terms."  Id.  "The substantive element of unconscionability focuses
22 on the actual terms of the agreement and evaluates whether they
23 create 'overly harsh' or 'one-sided' results as to 'shock the
24 conscience.'"  Id.  "Both elements must be present, but the more
25 substantively oppressive the contract term, the less evidence of
26 procedural unconscionability is required to come to the conclusion
27 that the term is unenforceable, and vice versa."  Woodside Homes of
28

Cal., Inc. v. Super. Ct., 107 Cal. App. 4th 723, 727 (Cal. Ct. App. 2003).

Plaintiffs' grounds for unconscionability are essentially that Defendants had overwhelming bargaining power, drafted a contract with unfair terms, and presented it to the unsophisticated Plaintiffs on a "take-it-or-leave-it" basis. SAC ¶ 16. According to Plaintiffs, since Defendants' agent completed the loan documents for them and assured them that the loan documents "accurately reflected what Plaintiffs had been told, what they wanted, and what they could afford," the loan agreements are unconscionable because the underlying terms were predatory and contrary to Plaintiffs' wishes and financial means. Id. ¶¶ 17-24.

Defendants respond that Plaintiffs fail to allege that any of their actual obligations were unclear or surprising on the loan documents' terms, or that any specific terms were substantively unconscionable. Reply at 10-11. Defendants add that even if the Court recognized unconscionability as a claim instead of a defense, it would be governed by California Code of Civil Procedure section 339(1)'s catch-all four-year statute of limitations, and would therefore be time-barred because of the more-than-four-year gap between the loan's origination in May 2008 and the present action's filing in September 2012.

Plaintiffs' unconscionability argument fails. Unconscionability is a defense, not a cause of action, see Dean Witter Reynolds, Inc. v. Super. Ct., 211 Cal. App. 3d 758, 766 (Cal. Ct. App. 1989), so at best Plaintiffs are trying to preempt legal action by Defendants by using unconscionability as a predicate to other claims. This fails because, as Defendants note,

8

such a theory of unconscionability would be governed by California's four-year catch-all limitations period, Cal. Code Civ. Proc. § 339(1). Therefore, the Court finds that apart from being procedurally improper, Plaintiffs' unconscionability arguments are also time-barred because they are based on a May 2008 origination date and this case was filed in September 2012. All of Plaintiffs' allegations about unconscionability are DISMISSED with prejudice.

### B. Plaintiffs' Fraud Claims

Plaintiffs again assert claims for fraud and negligent misrepresentation against Defendants, but Defendants raise the threshold argument that both of these claims are time-barred. The statute of limitations is three years for a fraud claim, Cal. Code Civ. Proc. § 338(d), and two years for a negligent misrepresentation claim, id. § 339(1). Defendants argue that Plaintiffs' fraud-based claims are time-barred because Plaintiffs obtained their mortgage in March 2008 but did not file the instant action until September 14, 2012, and that Plaintiffs have not pled facts to toll the statutes of limitations. MTD SAC at 4-6. Plaintiffs respond that (1) they filed a related action on February 17, 2012, earlier than the September date; (2) their unconscionability argument renders the statute of limitations irrelevant; and (3) they could amend to allege equitable tolling should apply because they did not discover that the loan's terms had been misrepresented until May 2009. See Opp'n at 3, 10-11.

First, the Court finds no facts in the record that the purported February 2012 action is related to this case. At no point do Plaintiffs provide any proof of such relation. Second, as noted above, the Court rejects Plaintiffs' unconscionability

9

arguments. Finally, the Court has already granted Plaintiffs leave to amend to allege equitable tolling. Order on MTD FAC at 7-8. They did not do so. The Court finds Plaintiffs' fraud and negligent misrepresentation claims barred by the relevant statutes of limitations. They are therefore DISMISSED with prejudice.

### C. Negligence

Plaintiffs assert a claim for negligence under California Civil Code sections 1714(a) and 3333. The elements of a claim for negligence are (1) a legal duty of care, (2) breach of that duty, (3) proximate or legal cause, and (4) damages. Ladd v. Cnty. of San Mateo, 12 Cal. 4th 913, 917 (Cal. Ct. App. 1996). Financial institutions generally owe no duty of care to borrowers if their involvement in a loan transaction does not exceed their scope as mere lenders of money. Nymark v. Heart Fed. Savings & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (Cal. Ct. App. 1998).

The primary dispute as to Plaintiffs' negligence claim concerns whether Defendants owe Plaintiffs a duty of care. Plaintiffs have three theories of why Defendants owe them a special duty of care.

First, despite Nymark, Plaintiffs assert that Defendants owed a duty of care under a Consent Judgment between Defendants and the United States of America (including California as an individual state). See SAC ¶ 61. Plaintiffs state that they are third-party beneficiaries of the Consent Judgment, Opp'n at 13, and that it both imposes on Defendants a duty to evaluate borrowers for all available loan modification options before initiating foreclosure and forbids Defendants from referring accounts to disclosure while loan modifications are pending, SAC ¶ 33. Plaintiffs allege that

10

Defendants effectively amended their pre-existing loan agreements with Plaintiffs after the Consent Judgment was entered in April 2012, thereby requiring Defendants to act under the Consent Judgment's duty of care even though the loan agreements in this case were entered in May 2008. See Opp'n at 12-14.

Second, Plaintiffs contend that even under Nymark, Defendants act beyond the role of "mere lenders of money" and therefore assume a duty of care that they would otherwise not have. Opp'n at 13.

Third, Plaintiffs add in their opposition brief that Defendants operate under a statutory duty of care per the California Homeowners Bill of Rights, California Civil Code sections 2923.5 et seq. According to Plaintiffs, sections 2923.5, 2924.17, and 2924.18 provide the relevant statutory duties of care in this case. Section 2923.5 sets out detailed requirements for mortgage servicers seeking to send borrowers notices of default. Section 2924.17 prohibits "robo-signing," or executing foreclosure documents without "substantiat[ing] the borrower's default and the right to foreclose." Section 2924.18 prohibits dual-tracking, which is the initiation of foreclosure proceedings while evaluation of a borrower's loan modification application is ongoing.

The Court finds all of Plaintiffs' arguments unpersuasive. Regarding Plaintiffs' first theory, "[c]onsent decrees are construed as contracts for purposes of enforcement," and "under Ninth Circuit precedent, incidental third-party beneficiaries may not enforce consent decrees, but intended third-party beneficiaries may." United States v. FMC Corp., 531 F.3d 813, 819-20 (9th Cir. 2008) (citing Hook v. Az. Dep't of Corrections, 972 F.2d 1012, 1014-15 (9th Cir. 1992)). When the government is the plaintiff,

1  third-party beneficiaries of a consent judgment are presumptively
2  incidental beneficiaries absent a clear expression in the consent
3  decree that individual members of the public can enforce the
4  agreement.  Id. at 821; see also Klamath Water Users Protective
5  Ass'n v. Patterson, 204 F.3d 1206, 1211 (9th Cir. 1999).  Such
6  clear intent must appear in the consent decree's precise language.
7  Cnty. of Santa Clara v. Astra USA, Inc., 588 F.3d 1237, 1244 (9th
8  Cir. 2009), rev'd on other grounds by Astra USA, Inc. v. Santa
9  Clara Cnty., Cal., 131 S. Ct. 1342 (2011).
10      The Consent Judgment's enforcement provisions never reference
11 the possibility of an enforcement proceeding being brought by an
12 individual borrower as a third-party beneficiary.  Instead they
13 allow enforcement actions to be brought by parties to the Consent
14 Judgment or by the monitoring committee that the Consent Judgment
15 establishes.  See Consent Judgment at 18-20, 22; see generally
16 Settlement Terms.  The Court therefore finds that the decree's
17 precise language does not establish "a clear intent to rebut the
18 presumption that the third parties [to the Consent Judgment] are
19 merely incidental beneficiaries."  Astra USA, 588 F.3d at 1244.
20 The Consent Judgment does not provide a basis for Plaintiffs'
21 claims.
22      Second, Plaintiffs argue that despite Nymark, the Consent
23 Judgment makes it clear that Defendants have adopted a separate
24 standard of care and are acting not as mere lenders but as some
25 other kind of entity that entitles Plaintiffs to a negligence claim
26 based on the loan modification proceedings.  Opp'n at 13.  In
27 support of this contention, Plaintiffs cite Ansanelli v. JP Morgan
28 Chase Bank, N.A., No. C 10-3892, 2011 WL 1134451 (N.D. Cal. Mar.

12

28, 2011). In that case, the court held that because a bank went beyond its role as silent lender and loan servicer when it offered a loan modification and trial modification plan, the bank assumed a duty of care that it would otherwise lack under Nymark. Id. at *7. The Court finds that reasoning unpersuasive. Loan modifications are part of the lending process, and negotiating a lending agreement's terms is one of a bank's key functions. See Armstrong v. Chevy Chase Bank, FSB, No. 5:11-cv-05664 EJD, 2012 WL 4747165, at *4 (N.D. Cal. Oct. 3, 2012). The Court therefore finds that this theory of the duty of care also fails.

Finally, Plaintiffs' theories of why Defendants have a duty of care under the California Homeowners Bill of Rights is newly asserted in the opposition brief. It was not pled in the complaint. Amendment might be warranted in such a case, but Plaintiffs' theory is futile because the statutes Plaintiffs cite were enacted in 2013, and absent express provision to the contrary, California statutes are not presumed to act retroactively. Myers v. Philip Morris Cos., Inc., 28 Cal. 4th 828, 840-41 (Cal. 2002). They do not apply to Plaintiffs' claims.

The Court therefore finds that Plaintiffs have not pled a claim for negligence and DISMISSES this claim. Since the Court previously gave Plaintiffs leave to amend on this point, the dismissal is with prejudice.

### D. Quiet Title

The purpose of a quiet title action is to settle all conflicting claims to a piece of real property and to declare each interest or estate to which the parties are entitled. Newman v. Cornelius, 3 Cal. App. 3d 279, 284 (Cal. Ct. App. 1970). "A quiet

13

title action must include: (1) a description of the property in question; (2) the basis for plaintiff's title; and (3) the adverse claims to plaintiff's title." <u>Ananiev v. Aurora Loan Servs., LLC</u>, C 12-2275 SI, 2012 WL 4099568, at *3 (N.D. Cal. Sept. 17, 2012) (citing Cal. Civ. Proc. Code § 760.020).  "In order to satisfy the second requirement, plaintiff must allege that he has discharged his debt, regardless to whom it is owed." <u>Id.</u> (citing <u>Kelley v. Mort. Elec. Registration Sys., Inc.</u>, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009)).

Defendants argue that Plaintiffs fail to state a claim for quiet title, mainly because they have not discharged their debt and, in any event, Plaintiffs' unconscionability allegations must fail. MTD SAC at 14-15. Plaintiffs do not dispute Defendants' argument. The Court agrees with Defendants. Plaintiffs' quiet title claim is DISMISSED. The dismissal is with prejudice since the Court gave Plaintiffs leave to amend this claim to make it colorable, and Plaintiffs failed to do so.

### E. UCL

The UCL prohibits unfair competition, including, inter alia, "any unlawful, unfair or fraudulent business act." Cal. Bus. & Prof. Code § 17200. "Because [section 17200] is written in the disjunctive, it establishes three varieties of unfair competition -- acts or practices which are unlawful, or unfair, or fraudulent." <u>Berryman v. Merit Prop. Mgmt., Inc.</u>, 152 Cal. App. 4th 1544, 1554 (Cal. Ct. App. 2007).

Plaintiffs are not very precise about the nature of their UCL claim, but their opposition brief states that they rely on their allegations of unconscionability and the Homeowners Bill of Rights'

14

bar against "dual-tracking" as predicate offenses.  See Opp'n at
14.  These allegations would suit a claim under the unlawfulness
prong, which allows plaintiffs to "borrow" from violations of
underlying laws.  As noted above, these are insufficient bases for
a UCL violation because the Homeowners' Bill of Rights does not
operate retroactively.

However, Plaintiffs' complaint includes several other bases
for their UCL claim.  First, under the unfairness prong, the
allegations that Defendants failed to undertake loan servicing and
modification properly, as when they steered Plaintiffs toward an
unpayable loan and unfairly kept Plaintiffs circulating through a
temporary modification process.  SAC ¶ 75.  Second, Plaintiffs
allege violations of the UCL's fraud prong.  Plaintiffs plead that
Defendants' misrepresentations and omissions regarding Plaintiffs'
payment capacity and the loan's modification process are likely to
deceive reasonable consumers.  SAC ¶ 77.

Plaintiffs' pleadings under these prongs fail to cure the
defects of their first amended complaint: Plaintiffs simply do not
provide precise enough facts to state claims under the UCL.  They
provide a list of conclusory allegations, see SAC ¶¶ 75-78, but
they do not support these allegations with facts elsewhere in their
pleadings.  The Court gave Plaintiffs an opportunity to cure these
problems, but they failed to do so.  Plaintiffs' UCL claim is
DISMISSED with prejudice.
///
///
///
///

15

## V.   CONCLUSION

For the reasons explained above, Defendants CitiBank, N.A., and CitiMortgage, Inc.'s motion to dismiss Plaintiff Gina Sanguinetti's First Amended Complaint is GRANTED.  Plaintiffs' complaint is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: September 11, 2013



UNITED STATES DISTRICT JUDGE